Judge Robertson
delivered the opinion of the Court.
Harrison obtained a judgment on the following note, for the nominal amount in specie:
“269 5 1-2. Lexington, May 8, 1821.
“Ninety days after date, we jointly and severally promise to pay to Robert C. Harrison, or order, two hundred and sixty-nine dollars 5 1-2 cents, for value received; witness our hands and seals, the date above. Payment in state paper.
“PATTERSON BAIN, (Seal.)
“E. YEISER, (Seal.)
“THOS. BODLEY, (Seal.)”
A bill in chancery was filed to enjoin the on the ground that it was for too much, and thatHarrison ought to be compelled to accept bank paper, in discharge of it, which he refused to do. He answered the bill, denying its allegations; and on bill and answer, the injunction was dissolved, and the bill dismissed. To reverse this decree, this writ of error is prosecuted.
The decree is right. The injunction was improvidently granted. The bill contained no equity. The note, on its face, was payable in paper, and in nothing else. Harrison,, therefore, had a right to recover judgment for no more than the value of the paper, in specie. If the court gave him judgment for more, the error could have been corrected by this court, on an appeal or writ of error. But the chancellor surely, cannot correct or reverse the judgment.
Bain’s remedy was at law. By defending the suit,, he could have prevented a judgment for more than the value of the bank paper. He had, therefore, no pretext for appealing to the chancellor. Besides, the allegations of his bill were denied, and. there was no proof.
Wherefore, the decree is affirmed.